# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52737

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

DAMIAN GLEN ZUKAITIS,

      Defendant-Appellant.

)
)  **Filed: November 25, 2025**
)
)  **Melanie Gagnepain, Clerk**
)
)  **THIS IS AN UNPUBLISHED**
)  **OPINION AND SHALL NOT**
)  **BE CITED AS AUTHORITY**
)
)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for felony injury to children, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Damian Glen Zukaitis pled guilty to to an amended charge of felony injury to children. I.C. § 18-1501(1). The district court sentenced Zukaitis to a unified term of ten years, with a minimum period of confinement of five years, to be served consecutively to other unrelated sentences. Zukaitis filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Zukaitis appeals, arguing that his sentence is excessive and that the district court erred in denying his I.C.R. 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Zukaitis's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Zukaitis's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Zukaitis's judgment of conviction and sentence, and the district court's order denying Zukaitis's Rule 35 motion, are affirmed.